IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON ULREY,

      Plaintiff,                       No. CIV S-10-2708 DAD P

      vs.

JACK MARTIN, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se. This action was transferred to this court from the U.S. District Court for the Northern District of California. Plaintiff filed a two-page letter indicating he was making a "formal complaint against public defender Jack Martin, Jr.[,] District Attorney Laura West and Katie McGary and The State of California." (Letter, Doc. No. 1 at 1.) In his letter plaintiff contends that he was wrongly convicted in state court and that his defense counsel was incompetent. It is not clear, however, whether plaintiff is attempting to pursue a civil rights action under 28 U.S.C. § 1983 or a habeas action challenging his underlying state court conviction. Moreover, plaintiff has not submitted the filing fee or an application requesting leave to proceed in forma pauperis. The court will order plaintiff to file either a civil

/////

/////

1

rights complaint[1] or a habeas petition using the form provided by the Clerk of the Court. In addition, plaintiff will be ordered to submit the $350.00 filing fee in connection with the filing of a civil rights action or the $5.00 filing fee in connection with the filing of a habeas action. In the alternative, plaintiff may submit an application requesting leave to proceed in forma pauperis using the form provided by the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the service of this order, plaintiff shall file either a civil rights complaint or a petition for a writ of habeas corpus; the complaint or petition must comply with the Federal Rules of Civil Procedure and the Local Rules of Practice; the complaint or petition must bear the docket number assigned to this case; and plaintiff must use the form complaint or petition provided by the Clerk of the Court and answer each question.

2. Within thirty days from the service of this order, plaintiff shall submit an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee.

3. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

/////
/////
/////
/////

---

[1] Plaintiff is advised that if he wishes to proceed with a civil rights action, neither a county public defender nor a county district attorneys are proper parties to such an action. In order to state a cognizable claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). As for district attorneys, they enjoy absolute immunity from suit in connection with actions taken in carrying out the duties of their office. See Imbler v. Pachtman, 424 U.S. 409 (1976).

1    4.  The Clerk of the Court is directed to provide plaintiff with the court's form
2 complaint for a § 1983 action, the court's form petition for a writ of habeas corpus for a state
3 prisoner, and the Application to Proceed In Forma Pauperis By a Prisoner.
4 DATED: April 27, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ulrey2708.3+